UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| ANDREW HAYES<br><br>Plaintiff,<br><br>vs.<br><br>ST. MATTHEWS POLICE DEPARTMENT., and MICHAEL SMALLS, JR., individually,<br><br>Defendants. | Case No.: 5:15-4486-JMC |

## COMPLAINT

1. Plaintiff, Andrew Hayes ("Plaintiff"), was an employee of Defendant, the St. Matthews Police Department and reported to Chief Michael Smalls, Jr. ("Defendants").

2. Plaintiff brings this action under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. for retaliation and termination of his position with Defendant.

3. At all times material hereto, Plaintiff performed non-exempt labor duties on behalf of the Defendants while working out of the Defendants' facilities in Calhoun County, South Carolina, within the jurisdiction and venue of this Court.

4. Plaintiff was hired by Defendants as an hourly, non-exempt employee, and worked for Defendants for over fifteen years through approximately May 18, 2015.

5. Plaintiff worked as a police officer and held many positions within the department during his tenure with Defendants. His employment history was exemplary.

6. Plaintiff typically worked more than forty (40) hours per week.

7. Plaintiff was, generally, compensated for most of the overtime hours worked in a work week during his time with the department. Plaintiff was always paid by the hour. Upon information and belief, Plaintiff is owed back compensation for the amounts that were withheld from him during his employment.

8. However, in late April of 2015, Defendant Michael Smalls, Jr. approached Plaintiff and unilaterally stated that Plaintiff was now a "salaried employee" and that any overtime he worked from that point on he would be compensated with "comp time" – or paid time off.

9. Plaintiff was confused by the statements of Defendant Smalls, and in an effort to clarify issue, Plaintiff contacted Tammy Carson, assistant administrator and town clerk, and asked for clarification on his compensation. Mrs. Carson told Plaintiff that no one that works for the Town of St. Matthews was an "exempt" employee – that everyone, including the Chief of Police and Plaintiff – are paid by the hour.

10. Plaintiff went further and spoke with the town administrator, Dick Whetstone. Mr. Whetstone told Plaintiff that he believed that Plaintiff's position, as well as the position of the Chief of Police, were supposed to be "salaried" positions, but that there was nothing in writing reflecting that policy. Plaintiff then requested an audience in executive session with the town council on May 5, 2015 to clear up the issue. He wrote a letter of request to this effect on April 28, 2015 and submitted it to Mr. Whetstone at that time.

11. On April 30, 2015, Defendant Smalls asked Plaintiff to meet with him in his office around 9:30 am. In this meeting, Defendant Smalls informed Plaintiff that he was being

suspended for falsifying his timesheets. Plaintiff then turned in all the town property in his possession and left the premises.

12. On May 5, 2015, Plaintiff met with the St. Matthews town council. Plaintiff asked for clarity on the issue of his salary. The council was unable to clarify the matter at the time. Mr. Whetstone stated in the meeting that while there was no official policy in writing, that Plaintiff had worked overtime hours and that he deserved to be compensated for his time. The council took the matter under advisement and no decision was made at the time.

13. On May 14, 2015, there was a "special call" meeting wherein the Plaintiff was the subject. Upon information and belief, the decision to terminate Plaintiff – based upon his inquires regarding his compensation status – was made during that meeting. Defendant Smalls made false statements to the board and all present at that meeting about Plaintiff. The statements included falsely accusing Plaintiff of insubordination and misappropriation of town funds.

14. On May 15, 2015, Plaintiff received a voice mail on at 2:28 pm from Defendant Smalls terminating his employment effective May 18, 2015.

15. At all times material hereto, Defendant Smalls, managed and operated the St. Matthews Police Department, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of such entity. By virtue of such control and authority Defendant Smalls was an employer of Plaintiff as such term is defined by the Act. 29 U.S.C. §201, *et seq*.

16. Both Defendants directly or indirectly acted in the interest of an employer towards Plaintiff, including without limitation directly or indirectly controlling the terms of

employment of Plaintiff and other similarly situated employees.

17.     At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

18.     This cause of action is brought for damages relating to the retaliation, including termination, against Plaintiff and to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b) on behalf of Plaintiff.

19.     The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

20.     The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendants.

21.     Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b).

22.     At all times pertinent to this Complaint, the St. Matthews Police Department was an entity engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. §203(r) and 203 (s).

23.     At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201–209 in that Plaintiff performed services and labor for Defendants for which Defendant made no provision to pay Plaintiff compensation to which he was entitled.

24.     During the course of his employment, Plaintiff repeatedly sought overtime compensation from the Defendants for hours in excess of 40 in a given workweek.  When Plaintiff questioned the oral change to his employment status, he was promptly terminated.

25.     On or about May 15, 2015, the Defendants terminated the Plaintiff in reprisal

and in bad faith because he had demanded that he be paid overtime compensation and sought to exercise his rights under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

26. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 25 above.

27. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of Forty (40) hours per work week.

28. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) hours per week. The failure of Defendants to compensate Plaintiff at his given rate of pay for all hours worked is in violation of the FLSA. Defendants, therefore, are liable to Plaintiff in the amount of his unpaid hours and overtime compensation.

29. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

30. As a result of Defendants' violations of the Act, Plaintiff is entitled to liquidated damages.

## COUNT II
## RETALIATORY DISCHARGE

31. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 30 above.

32. Defendants willfully, wantonly, maliciously, and intentionally terminated the Plaintiff's employment in retaliation on account of his engaging in activity protected under the FLSA.

33. As a result of Defendants' violations of the Act, Plaintiff is entitled to back pay, reinstatement - or if reinstatement is impracticable, front pay - liquidated damages, and attorneys' fees.

## COUNT III
## DEFAMATION

34. Plaintiff realleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 33 above.

35. The defendants have defamed the plaintiff. Said defamation constitutes defamation *per se*, and the defamatory statements of the defendants were made maliciously and in bad faith and have proximately caused damages, both actual and exemplary, to the plaintiff.

**DEMAND FOR JURY TRIAL**

36. Plaintiff demands trial by jury as to all issues so triable.

WHEREFORE, Plaintiff, Andrew Hayes demands judgment, jointly and severally, against Defendants for the payment of compensation for all overtime hours at one and one-half his regular rate of pay due him for the hours worked by him for which he has not been properly compensated, back pay, front pay, liquidated damages, reasonable attorneys' fees and costs of suit, damages for wrongful termination and defamation, and for all other appropriate relief including prejudgment interest.

November 5, 2015

**GIBBS & HOLMES**

By. s/Allan R. Holmes Fed. Bar #1925
Timothy O, Lewis Fed. Bar #9864
Suite 110, 171 Church Street
Charleston, South Carolina 29401
Phone: 843-722-0033
Facsimile: 843-722-0114

**ATTORNEYS FOR PLAINTIFF**

7