IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Andrew Hayes, | ) |
|                               Plaintiff, | )  C.A. No. 5:15-cv-4486-JMC |
| v. | )  **AMENDED ANSWER** |
| St. Matthews Police Department and Michael Smalls, Jr., individually, | ) |
|                               Defendants. | ) |

Defendants Town of St. Matthews (incorrectly named in the Complaint as "St. Matthews Police Department") and Michael Smalls, Jr., respond to Plaintiff's complaint as follows:

### FOR A FIRST DEFENSE

I.    The Complaint fails to state a claim upon which relief may be granted.

### FOR A SECOND DEFENSE

II.    Plaintiff's claims are barred under applicable statutes of limitations.

### FOR A THIRD DEFENSE

III.    Plaintiff's defamation claim is barred due to Plaintiff's self-publication.

### FOR A FOURTH DEFENSE

IV.    Any statements published by Defendants of or concerning Plaintiff were true or substantially true and Defendants plead truth as a complete defense.

### FOR A FIFTH DEFENSE

V.    Defendants deny that they published any defamatory statement of or concerning the plaintiff, but if they did, they did so under circumstances and on an occasion giving rise to a qualified privilege and Defendants plead qualified privilege as a defense to this action.

**FOR A SIXTH DEFENSE**

VI.     Plaintiff's defamation cause of action is barred in whole or in part by the holdings in *New York Times v. Sullivan*, 376 U.S. 254 (1964) and *McClain v. Arnold*, 270 S.E.2d 124 (S.C. 1980).

**FOR A SEVENTH DEFENSE**

VII.    Plaintiffs' tort claims are governed by the South Carolina Tort Claims Act, S.C. Code §§ 15-78-10, *et seq.*, and Defendants plead all of the immunities and privileges contained therein.

**FOR AN EIGHTH DEFENSE**

VIII.   At all times herein Defendants acted in good faith, with the belief that all acts and omissions were in compliance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

**FOR A NINTH DEFENSE**

IX.     Plaintiff executed a compromise settlement agreement with Defendants on or about July 1, 2015, in exchange for valuable consideration, which agreement states that it "shall act as a full and final release of all claims of Employee against Employer …," and Defendants plead accord and satisfaction as a complete defense to the claims asserted in the Complaint.

**FOR A TENTH DEFENSE**

X.      Plaintiff failed to serve the Complaint on any individual authorized to accept service on behalf of the Town of St. Matthews and, therefore, the Town pleads insufficiency of service of process.

**FOR AN ELEVENTH DEFENSE**

XI.     Defendant asserts the partial exemption from overtime found at 29 U.S.C. § 207(k) and the regulations issued thereunder as a defense in whole or in part to Plaintiff's claim for unpaid overtime compensation.

## FOR A TWELFTH DEFENSE AND BY WAY OF ANSWER

XII.   A.   Each allegation of the Complaint not hereinafter expressly admitted is denied.

B.   Defendants respond to the allegations of the Complaint by paragraph numbers corresponding to the respective paragraph numbers of the Complaint as follows:

1. Defendants admit only that Plaintiff was the Assistant Chief of the St. Matthews Police Department.

2. This is a characterization of the action that does not require a response.

3. Denied.

4. Defendants admit only that Plaintiff was a sworn law enforcement officer and served most recently as the Town's Assistant Chief with the rank of captain.

5. Defendants admit only that Plaintiff was a sworn law enforcement officer.

6. Denied.

7. Defendants admit only that Plaintiff was paid for all hours worked.

8. Denied.

9. Defendants admit only that Plaintiff and Carson discussed his compensation and that Carson confirmed her understanding that he was paid by the hour.

10. Defendants admit only that Plaintiff wrote a letter to Whetstone dated April 28, 2015, and that the letter speaks for itself.

11. Defendants admit only that, on or about April 30, 2015, Chief Smalls met with Plaintiff to discuss his continued refusal to work only his assigned hours, his recording hours for which he was not present or working, and his purchase of a gun holster for a non-employee on the Town's account. Defendants further admit that Plaintiff was suspended with pay pending review, at which time Plaintiff became verbally abusive.

12. Defendants admit only that Plaintiff met with Town Council in executive session on or about May 5, 2015, and that, in accordance with state law, no action was taken during the meeting.

13. Defendants admit only that, on or about May 14, 2015, Town Council held a special called meeting.

14. Defendants admit only that Chief Smalls notified Plaintiff of his termination from employment effective May 18, 2015, by written letter dated May 15, 2015, and that the letter speaks for itself.

15. Responding to the allegations concerning Chief Smalls' job duties, Defendants admit only that Chief Smalls is the police chief of the Town's police department. The remaining allegations constitute a conclusion of law that does not require a response. To the extent a response is required, the allegations are denied.

16. The allegations of this paragraph constitute a conclusion of law that does not require a response. To the extent a response is required, the allegations are denied.

17. Denied.

18. This is a characterization of the action that does not require a response.

19. Defendants admit only that the Town maintains records of employees' pay and hours worked.

20. Defendants admit only that the Town maintains records of employees' pay and hours worked.

21. This is a jurisdictional allegation that does not require a response.

22. The allegations of this paragraph constitute a conclusion of law that does not require a response. To the extent a response is required, the allegations are denied.

23. Denied.

24. Denied.

25. Denied.

### As to the First Cause of Action
(Recovery of Overtime Compensation)

26. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth herein verbatim.

27. The allegations of this paragraph constitute a conclusion of law that does not require a response. To the extent a response is required, the allegations are denied.

28. Denied.

29. Denied.

30. Denied.

### As to the Second Cause of Action
(Retaliatory Discharge)

31. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth herein verbatim.

32. Denied.

33. Denied.

### As to the Third Cause of Action
(Defamation)

34. Defendants incorporate their responses to the foregoing allegations of the Complaint as if set forth herein verbatim.

35. Denied.

### As to the Demand for a Jury Trial

36. Were Plaintiff's causes of action factually and legally viable – and they are not – his claims would be triable to a jury as he has requested.

C. Plaintiff's prayer for relief is denied.

WHEREFORE, having fully answered the Complaint and set forth various defenses, Defendants request that the Complaint be dismissed, with costs and attorney's fees taxed to Plaintiff.

|  |  |
|---|---|
|  | s/ Christopher W. Johnson            . |
|  | DERWOOD L. AYDLETTE (FID 5036) |
|  | CHRISTOPHER W. JOHNSON (FID 7581) |
|  | GIGNILLIAT, SAVITZ & BETTIS, L.L.P. |
| Columbia, South Carolina | 900 Elmwood Ave., Suite 100 |
|  | Columbia, SC  29201 |
| December 29, 2015 | Tel.: (803) 799-9311 |
|  | Fax: (803) 254-6951 |
|  | daydlette@gsblaw.net |
|  | cjohnson@gsblaw.net |

ATTORNEYS FOR DEFENDANTS