IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Andrew Hayes, | ) | |
| | ) | C.A. No. 5:15-cv-4486-JMC |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S SUPPLEMENTAL** |
| v. | ) | **26(f) REPORT** |
| | ) | (Local Rule 26.03, D.S.C.) |
| St. Matthews Police Department and | ) | |
| Michael Smalls, Jr., individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to Local Rule 26.03, the defendant respectfully submits the following:

**1.     A short statement of the facts of the case.**

<u>RESPONSE</u>:  After years of working an 8-hour day, Plaintiff, the Assistant Chief, began working additional hours in order to increase his pay. Defendant Chief Michael Smalls instructed Plaintiff to work his scheduled 8-hour shift and not to work over unless necessary for police business. Plaintiff continued recording extra hours on his time sheet, some of which Chief Smalls had no evidence Plaintiff had worked. Chief Smalls met with Plaintiff to discuss his continuing to work and/or record additional unauthorized hours. In addition, he discussed with Plaintiff the improper use of the Town's purchase account with a vendor to buy a gun holster for a non-employee. Plaintiff became insubordinate during the meeting, resulting in the Chief's decision to terminate his employment.

**2.     The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

<u>RESPONSE</u>:   In addition to the parties, Defendants expect the following individuals to have information relevant to the claims or defenses:

      a.       Ptl. Scott M. Werre, St. Matthews Police Department. The witness is expected to testify about a statement he gave following Plaintiff's meeting with Chief Smalls.

      b.       Quintilla Curry, Administrative Assistant, St. Matthews Police Department. The witness is expected to testify about a statement she gave following Plaintiff's meeting with Chief Smalls.

      c.       Sgt. Rosalyn Jones, St. Matthews Police Department. The witness is expected to testify about a statement she gave following Plaintiff's meeting with Chief Smalls.

      d.       Tammy Carson, Town Clerk. The witness is expected to testify about the fact and circumstances of Plaintiff's employment, his use of the Town's account to purchase a holster for a non-employee, his discussions with her regarding his pay, and his separation from employment.

      e.       William D. Whetstone, Town Administrator. The witness is expected to testify about conversations he had with Plaintiff and Plaintiff's address to Town Council.

      Defendants may supplement or amend this list through normal discovery.

**3.    The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered);**

**RESPONSE**:  Defendants have not yet determined the need for discovery and will supplement this response through normal discovery in accordance with the Scheduling Order.

**4.    A summary of the claims or defenses with statutory and/or case citations supporting the same;**

**RESPONSE**:  Plaintiff's claims are based on defamation, failure to pay overtime, and retaliation. The latter claims are brought pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201, *et seq.* Regarding the defamation claim, Defendants believe that *New York Times v. Sullivan*, 376 U.S. 254 (1964) and *McClain v. Arnold*, 270 S.E.2d 124 (S.C. 1980) are instructive.

5.     **Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

    a.     **Exchange of Fed.R.Civ.P. 26(a)(2) expert disclosures; and**

    b.     **Completion of discovery.**

**RESPONSE**: The deadlines set forth in the Conference and Scheduling Order should suffice.

6.     **The parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the scheduling order. *See generally* Local Civil Rule 16.02(C) (Content of Scheduling Order).**

**RESPONSE**: Defendants are aware of no special circumstances.

7.     **The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE**: Defendants are aware of no additional information.


           s/Christopher W. Johnson
           DERWOOD L. AYDLETTE (FID 5036)
           CHRISTOPHER W. JOHNSON (FID 7581)
           GIGNILLIAT, SAVITZ & BETTIS, L.L.P.

Columbia, South Carolina        900 Elmwood Ave., Suite 100
           Columbia, SC  29201

January 4, 2016            Tel.: (803) 799-9311
           Fax: (803) 254-6951
           daydlette@gsblaw.net
           cjohnson@gsblaw.net

           ATTORNEYS FOR DEFENDANTS

3