UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| ANDREW HAYES<br><br>Plaintiff,<br><br>vs.<br><br>ST. MATTHEWS POLICE DEPARTMENT., and MICHAEL SMALLS, JR., individually,<br><br>Defendants. | Case No.: 5:15-cv-4486-JMC<br><br>**PLAINTIFF'S LOCAL RULE 26.03 RESPONSES** |

Pursuant to Local Civil Rule 26.03, the Plaintiff hereby submits the following information in conjunction with the Parties' Rule 26(f) report.

**1.    Short statement of the facts of the case.**

Plaintiff worked as a police officer and held many positions within the department during his fifteen year tenure with Defendants. His employment history was exemplary. Generally, Plaintiff worked more than 40 hours per week during his entire career. He was always paid by the hour for the time he worked – and was usually paid overtime regularly. However, in late April of 2015, Defendant Michael Smalls, Jr. approached Plaintiff and unilaterally stated that Plaintiff was now a "salaried employee" and that any overtime he worked from that point on he would be compensated with "comp time" – or paid time off.

Plaintiff then contacted Tammy Carson, assistant administrator and town clerk, and asked for clarification on his compensation. Mrs. Carson told Plaintiff that no one that works for the Town of St. Matthews was an "exempt" employee – that everyone, including the Chief of Police and Plaintiff – are paid by the hour. He also discussed the matter with town administrator, Dick

1

Whetstone who told Plaintiff that he believed that Plaintiff's position, as well as the position of the Chief of Police, were supposed to be "salaried" positions, but that there was nothing in writing reflecting that policy. Plaintiff then requested an audience in executive session with the town council on May 5, 2015 to clear up the issue. He wrote a letter of request to this effect on April 28, 2015 and submitted it to Mr. Whetstone at that time.

Subsequent to the requests for clarification and the letter, Plaintiff was first suspended and then terminated. The reasons proffered by Defendants for the adverse employment actions taken against Plaintiff are pretext for retaliation based on Plaintiff's FLSA protected conduct.

**2. Names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.**

A. Plaintiff will testify to all matters at issue.

B. Chief Smalls will testify to all matters at issue.

C. Tammy Carson, assistant administrator and town clerk, will testify to the "exempt" or "non-exempt" status of town employees, including how Plaintiff was compensated.

D. Dick Whetstone, town administrator, will testify to the "exempt" or "non-exempt" status of town employees, including how Plaintiff was compensated.

E. All members of the St. Matthews Town Council, will testify to the meetings that referenced Plaintiff during the time of his suspension and termination.

F. Linda Edwards, town attorney, will testify to any non-privileged meetings or conversations that referenced Plaintiff.

G. Plaintiff reserves the right to rely on any witness named by Defendants in discovery.

H. Plaintiff will supplement this list during discovery.

**3. Names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

None have been identified at this time, but Plaintiff reserves the right to amend this response.

4. **Summary of the claims or defenses with statutory and/or case citations supporting the same.**

Plaintiff has pled violations of the Fair Labor Standards Act as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 *et. seq.* for retaliation and termination of his position with Defendant. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). Plaintiff has further pled common law defamation.

The FLSA claims are based upon the defendant's decisions --- past and continuing --- to deny the plaintiff monies due him on account of his working overtime hours and further for wrongful termination in retaliation for taking protected activities to learn about his method of compensation under the Act.

The defamatory acts of the individual defendant and the town are actionable *per se* because they clearly state that Plaintiff was unfit for his chosen profession. These statements include accusing Plaintiff of dishonesty and theft.

5. **Proposed dates for the following deadlines:**

   a. <u>Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.</u>

      As set forth in the Court's Order;

   b. <u>Completion of discovery.</u>

      As set forth in the Court's Order.

   c. <u>Dispositive motions</u>.

      As set forth in the Court's Order.

6. **Special circumstances which would affect the time frames applied in preparing the scheduling order.**

   The plaintiff is unaware of any special circumstances that would affect the time frames applied in the Proposed Amended Scheduling Order.

7. **Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.**

3

No additional information has been requested at this time.

                              GIBBS & HOLMES

                              S/Tim Lewis
                              Allan R. Holmes, Federal I.D. #1925
                              Timothy O. Lewis, Federal I.D. #9864
                              Suite 110, 171 Church Street
                              Charleston, South Carolina 20401
                              Phone: (843) 722-0033
                              Facsimile:  (843) 722-0114

January 4, 2016                    ATTORNEYS FOR THE PLAINTIFF