IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Andrew Hayes,<br><br>           Plaintiff,<br><br>     v.<br><br>St. Matthews Police Department and<br>Michael Smalls, Jr., individually,<br><br>           Defendants. | C.A. No. 5:15-cv-4486-JMC<br><br>**JOINT MOTION TO APPROVE<br>SETTLEMENT AGREEMENT AND<br>DISMISS ACTION** |

The parties to the above captioned action, by and through their undersigned counsel, jointly move the Court for an Order approving their Settlement Agreement, Release and Covenant Not to Sue ("Agreement") and dismissing the case with prejudice. In support of the motion, the parties offer the following:

**Factual Background**

Plaintiff is a former assistant chief of the St. Matthews Police Department. In or about April 2015, Plaintiff and Chief Michael Smalls disagreed over whether Plaintiff should be paid a salary and exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, or should be paid hourly. Plaintiff asked to be heard by Town Council to discuss his exempt or non-exempt status. About the same time, Chief Smalls discovered that Plaintiff had used the Town's account to allow an acquaintance – at the acquaintance's cost – to purchase a holster for a firearm. Smalls met with Plaintiff to suspend him pending investigation. Plaintiff became upset during the meeting and, Smalls contends, was insubordinate. Smalls ultimately offered Plaintiff the opportunity to resign, which Plaintiff declined, and Smalls terminated Plaintiff's employment.

Council heard from Plaintiff as requested. Council determined to pay Plaintiff for all hours he submitted.

Plaintiff contends that he worked hours that were either unrecorded, uncompensated, or both. Plaintiff further contends that his termination constituted retaliation in violation of the FLSA, 29 U.S.C. § 215, and that he was defamed by the implication that he misused Town funds to purchase the holster.

Defendants claim that Plaintiff was paid for all hours that he worked, that his termination due was due to insubordination, and that any publication by the Town concerning Plaintiff's actions was true or subject to privilege. Defendant further asserts that Plaintiff met the duties test for exempt status.

The nature of Plaintiff's claim, that he worked unrecorded time, does not lend itself to a definitive determination as to the fact of, or amount of, hours of alleged time worked over what was recorded and paid. The parties vigorously dispute liability and whether Plaintiff worked uncompensated hours as alleged in the Complaint and, if so, how many.

### Proposed Settlement

The parties have negotiated a compromise settlement of Plaintiff's claims based on estimated alleged losses falling within the 2-year statute of limitations. 29 U.S.C. § 255(a). As set out in in the Settlement Agreement, Release and Covenant Not to Sue (Exhibit 1), the Town of St. Matthews agrees to pay Plaintiff $20,000 in gross back wages, and an additional $20,000 in attorney's fees, costs, and liquidated and/or non-wage-based compensatory damages.

### Analysis

There is a split of authority on whether settlements reached during litigation must be approved by the Court. *Compare, e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

2

1353-54) (11th Cir. 1982) (settlement must be supervised by Department of Labor, or approved by court in litigation) *with, Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247, 253-257 (5th Cir. 2012) (private settlement of FLSA claims enforceable where settlement was negotiated by union on behalf of employees represented by counsel). Therefore, in an abundance of caution, the parties seek the Court's approval of the settlement. Where approval is sought, the Court determines whether there is a *bona fide* dispute over wages owed and whether the proposed settlement is a reasonable compromise. *See Lynn's Food Stores*, 679 F.2d at 1354.

Here, the proposed settlement represents payment of a compromise sum of backwages and an additional amount in liquidated and/or non-wage-based compensatory damages. In addition, Plaintiff's attorney's fees are being paid in the settlement. Legitimate questions exist as to the amount of hours worked by Plaintiff since those alleged hours were unrecorded. *See Lee v. Vance Executive Protection, Inc.*, 7 Fed.Appx. 160, 165-166 (4th Cir. 2001) ("While we acknowledge that the [employees] need not prove each hour of overtime work with unerring accuracy or certainty, enough evidence must be offered so that the court as a matter of just and reasonable inference may estimate the unrecorded hours.") (internal quotations omitted).

In addition, there are disputed legal issues. Defendants assert that Plaintiff, as a high-ranking command officer and assistant chief, was exempt under the executive and/or administrative duties test of the FLSA. *See* 29 CFR § 541. Even if Plaintiff were not wholly exempt from overtime, Defendants assert he would be partially exempt under 29 U.S.C. § 207(k). Accordingly, it is clear that there is a *bona fide* dispute over liability and wages due. In light of that dispute, the proposed settlement represents a fair compromise.

## **Conclusion and Motion to Dismiss**

Plaintiffs' claims under the FLSA are vigorously contested, and the parties have reached reasonable compromise of those claims. Accordingly, the Court should approve the proposed settlement. Further, having reach accord on the claims in the litigation, the parties also request an Order dismissing the case with prejudice upon completion of the payments contemplated in the Agreement. A proposed Consent Order will be submitted to chambers for the Court's consideration.

WE SO MOVE AND CONSENT:

| | |
|---|---|
| s/Timothy O. Lewis | s/Christopher W. Johnson |
| ALLAN R. HOLMES (FID 1925) | DERWOOD L. AYDLETTE (FID 5036) |
| TIMOTHY O. LEWIS (FID 9864) | CHRISTOPHER W. JOHNSON (FID 7581) |
| GIBBS & HOLMES | GIGNILLIAT, SAVITZ & BETTIS, L.L.P. |
| 171 Church St., Suite 110 | 900 Elmwood Ave., Suite 100 |
| Charleston, SC 29401 | Columbia, SC 29201 |
| Tel.: (843) 722-0033 | Tel.: (803) 799-9311 |
| Fax: (843) 722-0114 | Fax: (803) 254-6951 |
| aholmes@gibbs-holmes.com | daydlette@gsblaw.net |
| timolewis@gibbs-holmes.com | cjohnson@gsblaw.net |
| | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |
| | |
| Dated: September 8, 2016 | Dated: September 8, 2016 |