IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Andrew Hayes, | C.A. No. 5:15-cv-4486-JMC |
| Plaintiff, | |
| v. | **SETTLEMENT AGREEMENT, RELEASE & COVENANT NOT TO SUE** |
| St. Matthews Police Department and Michael Smalls, Jr., individually, | |
| Defendants. | |

Plaintiff Andrew Hayes and Defendant Town of St. Matthews (denominated "St. Matthews Police Department" in the Complaint), agree as follows:

1. In exchange for payment to him and on his behalf, as set forth below, Plaintiff desires to settle and forever end the above captioned action, as set forth below.

2. Plaintiff, for himself, his heirs, administrators, and assigns, intends to and does hereby release and covenant not to sue the Town of St. Matthews, including its present and past officials, employees, and agents, and Michael Smalls, Jr. (collectively, "Released Parties") from any and all causes of action, claims, demands, costs, or attorney's fees. This release and covenant not to sue is intended to be as broad as the law will allow and extends to all claims of any nature and kind whatsoever, known or unknown, from the beginning of time until the date of this Agreement. Claims covered by this release and covenant not to sue include, but are not limited to, claims that Plaintiff has or in the future may be entitled to have against the Released Parties on account of or in any way arising out of or in connection with Plaintiffs' employment or separation from employment with the Town of St. Matthews. These claims specifically include but are not limited to any and all charges and actions arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e, *et seq.*), as amended; the Age Discrimination in Employment Act (29 U.S.C. §§ 621, *et seq.*); the Americans with Disabilities

Act (42 U.S.C. §§ 12101, *et seq.*); the Family and Medical Leave Act (29 U.S.C. §§ 2601, *et seq.*); the Fair Labor Standards Act (29 U.S.C. §§ 201, *et seq.*); the South Carolina Human Affairs Law (S.C. Code Ann. §§ 1-13-10, *et seq.*); the South Carolina Payment of Wages Law (S.C. Code Ann. §§ 41-10-10, *et seq.*); 42 U.S.C. §§ 1981, 1983, 1985, or 1988; the Constitution, statutes, regulations, and Executive Orders of the United States and/or the State of South Carolina; the common law, including but not limited to contractual claims and both intentional and unintentional tort claims; and any other claim.

3. The parties agree that liability and the amount of liability are vigorously disputed. Specifically, the Defendants assert that Plaintiff was paid all wages that he was due, that he was properly classified as exempt from the Fair Labor Standards Act, and that Plaintiff lacks evidence of the alleged overtime he claims to have worked without compensation. Plaintiff asserts that he is owed overtime for hours that were not recorded or compensated. The parties agree that Plaintiff was paid well in excess of the statutory minimum wage. The parties further agree that determining with any accuracy the amount of actual overtime Plaintiff alleges he worked would not be difficult if not possible. The parties agree that the amounts set forth below in this Agreement represent a fair compromise in light of the disputed claims and lack of records of the alleged overtime work.

4. The parties agree that the Town of St. Matthews, or the S.C. Insurance Reserve Fund will, on behalf of Defendants, pay the following sums to Plaintiff and/or Plaintiff's attorney:

    a. to Plaintiff the gross sum of $20,000.00 in back wages (to be reduced by necessary taxes, retirement contributions and withholdings).

    b. to Plaintiff the sum of $6,800.00 in liquidated and non-wage-based damages for the claims asserted in the Complaint.

    c. to Plaintiff's attorneys, Gibbs & Holmes, the sum of $13,200.00 in attorney's fees and costs.

The parties agree that the foregoing amounts are the entire amounts to be paid to or on behalf of Plaintiff as a result of this Agreement and that he is not entitled to any further amounts. The Town will withhold and pay to the taxing authorities from the amounts allocated as back wages all necessary taxes, withholdings and retirement contributions. Such withholding notwithstanding, Plaintiff remains responsible for taxes and contributions (if any) related to the payments made to him pursuant to this Agreement.

5. Plaintiff waives all claims and rights to any past, present, or future position of employment with the Town of St. Matthews. Plaintiff further agrees not to apply for employment with the Town of St. Matthews so long as Michael Smalls, Jr., remains employed by the Town as Chief of Police, or in a position of authority to hire, terminate, or effectively recommend hiring or termination.

6. Plaintiff agrees to maintain the terms of this Agreement in the strictest confidence and will reveal its terms only to his spouse, legal representatives, tax advisors, the Court in which this case is pending, and as may otherwise be required by law. Plaintiff's duty of confidentiality remains despite the fact that the parties intend to file a copy of this Agreement with the Court.

7. This Agreement is the compromise of doubtful and disputed claims and this Agreement is not to be construed as an admission of liability on the part of Defendants or the Released Parties, and Defendants and the Released Parties expressly deny liability of any nature or kind whatsoever to Plaintiff. Plaintiff agrees that he will not assert or imply that Defendants, the Released Parties, or any of them, have admitted any liability to him as a result of this Agreement and/or the payment(s) made to him under this Agreement.

8. This Agreement is governed by the laws of the State of South Carolina, to the extent not displaced by federal law.

9. This Agreement is contractual and not merely recital, which means, among other things, that if Plaintiff in the future takes some action he has promised not to take, or fails to take some action he has promised to take, Plaintiff will be in breach of this Agreement and may be required to

repay the amounts paid to him or on his behalf pursuant to this Agreement, plus interest computed at the legal rate prevailing in the State of South Carolina, plus costs and attorneys' fees. If any party has to go to court to enforce the provisions of the agreement, the prevailing party will be entitled to attorneys' fees and costs of litigation, as well as any damages that may be proven at trial.

10. The parties agree to file a joint motion for Court approval of the above captioned action and to dismiss the above captioned action with prejudice. It is the parties' intent to forever end this matter and bar any claims that were brought in the action, or could have been brought in the action. To that end, the parties hereby authorize their attorneys to file and consent to whatever motions, orders, stipulations or other documents are necessary to accomplish this goal.

11. The undersigned hereby acknowledge that they have read and fully understand this Agreement, agree that it incorporates all oral understandings and negotiations between them, and that it is the entire agreement between them.

IN WITNESS WHEREOF, the undersigned have initialed each page and set their signatures below.

For the Plaintiff:                                        For the Defendant:

_____        _____
Andrew Hayes                                           Town of St. Matthews

                                                                    By: Richard Whetstone
                                                                    Its: Administrator

4