IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Andrew Hayes,<br><br>        Plaintiff,<br><br>v.<br><br>St. Matthews Police Department and<br>Michael Smalls, Jr., individually,<br><br>        Defendants. | C.A. No. 5:15-cv-4486-JMC<br><br>**CONSENT ORDER APPROVING SETTLEMENT AND DISMISSING LAWSUIT** |

This matter is before the Court on the parties' motion to approve a settlement agreement reached in the above matter and to dismiss the lawsuit. Plaintiff is the former Assistant Chief of the St. Matthews Police Department. Plaintiff alleges that he worked hours off-the-clock, that he was entitled to overtime for some of those hours worked, that his termination from employment constituted retaliation, and that he was defamed. He brought suit for unpaid overtime and retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (FLSA) and for defamation under the South Carolina common law.

## BACKGROUND

Defendants filed an answer denying Plaintiff's allegations. Specifically, Defendants contended that Plaintiff was paid for all hours worked and contested Plaintiff's allegation that he was non-exempt. Defendants also contend that Plaintiff was terminated for insubordination, and that all publications concerning his termination were truthful or privileged.

The proposed settlement will pay Plaintiff a compromise amount in back wages reached through negotiation. The settlement will pay an additional amount as liquidated damages or non-wage-based compensation, and will pay Plaintiff's attorney's fees and costs.

## ANALYSIS

The Court may approve a settlement agreement under the FLSA when there is a *bona fide* dispute over wages owed or liability and the compromise is reasonable. *See e.g., Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54) (11th Cir. 1982). In this case, Plaintiff's claim of working unrecorded time is difficult to calculate and is hotly contested. The proposed settlement represents a fairly negotiated compromise to Plaintiff's claim. In addition to back wages, Plaintiff will receive non-wage-based compensation and attorney's fees and costs. Liability and the amount of wages that would be due in the event of liability are legitimately contested as set forth in the parties' motion. Accordingly, I find that the settlement agreement is a reasonable compromise of a *bona fide* dispute over wages owed.

## ORDER

The parties' motion to approve the settlement as set forth in the settlement agreement filed with the Court is **GRANTED.** Having disposed of the controversy, the parties also request dismissal of the matter with prejudice. The motion is **GRANTED**, and it is **ORDERED** that the action is dismissed without prejudice for 60 days during which the parties will complete the settlement by payment of the amounts contemplated therein. It is further **ORDERED** that after 60 days if no party has moved to reopen the matter, it is dismissed with prejudice.

s/J. Michelle Childs
J. Michelle Childs
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

October 11, 2016

2